IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TAMMY JO JARECKI,

                          Plaintiff,                          OPINION & ORDER

     v.

                                                             14-cv-890-jdp

UNIVERSITY OF WISCONSIN-EAU CLAIRE, and
UNIVERSITY OF WISCONSIN-EAU CLAIRE SOCIAL
WORK DEPARTMENT,

                          Defendants.

Plaintiff Tammy Jo Jarecki has filed a proposed complaint against defendants University of Wisconsin-Eau Claire (UW-EC), and UW-EC's Social Work Department. Dkt. 1. Plaintiff alleges that defendants have defamed her character and improperly charged her tuition after promising not to do so. She has submitted several exhibits to her complaint, most of which contain correspondence that she had with UW-EC personnel or administrative officials. Dkt. 4 and Dkt. 5. With her proposed complaint and supporting exhibits, plaintiff has also filed a motion to seal this case. Dkt. 6.

The court granted plaintiff leave to proceed without prepayment of fees or costs. Dkt. 3. Thus, the next step in this case is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that it must be dismissed for lack of subject matter jurisdiction. I will also deny plaintiff's motion to seal.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint and supporting exhibits.

In 2009, plaintiff enrolled in a two-year program at UW-EC to pursue a Bachelor of Social Work degree. This was plaintiff's second bachelor's degree; she earned her first in 1993. The relevant events in this case occurred during 2011, which was supposed to be plaintiff's final semester at UW-EC.

One of the requirements for the program in which plaintiff enrolled was to complete an internship, and students at UW-EC traditionally fulfilled this requirement during their final semesters. Plaintiff was placed at an "agency"—she does not specifically identify which one, but from the allegations in her complaint, it appears to have been an office that dealt with probation and parole. *See, e.g.*, Dkt. 4, at 7-11. According to plaintiff, her placement did not satisfy key requirements for her degree. For example, the agency did not have a licensed social worker to supervise plaintiff's work, nor was plaintiff assigned substantive tasks; she mostly typed up reports and filed documents. Although plaintiff voiced these concerns to UW-EC faculty and administrators, she was nevertheless directed to continue at her placement site.

Plaintiff was let go from the agency in March 2011, a few weeks after receiving a poor mid-term evaluation. UW-EC informed plaintiff that, by virtue of being let go, she had failed the internship requirement and would therefore have to enroll for a fifth semester to attempt another internship. Plaintiff contends that her performance was not deficient, contrary to the evaluations that she received.

Plaintiff suffered considerable emotional harm after losing the internship. She became embarrassed to face her classmates or attend classes, lost confidence in her ability to be a social worker, and had to seek counseling services on campus. To this day, plaintiff suffers from post-traumatic stress disorder symptoms because of the event. Plaintiff also incurred financial harm.

2

After being notified that she could not continue at her placement, plaintiff met with UW-EC faculty to discuss enrolling for another semester and attempting another internship. During the meeting, plaintiff, her internship supervisor, and the chair of UW-EC's Social Work Department verbally agreed that plaintiff would not have to pay tuition for the additional semester. But that promise turned out to be either false or never enforced because plaintiff had to pay $4,000 for the credits that she took as part of the second internship.

Plaintiff completed her second internship—at a different placement—and obtained her degree. But according to plaintiff, her program at UW-EC did not prepare her for a career in her area of specialty. She now works at "an entry-level human services-type job," where she does not utilize her education, skills, or experience. *Id.* at 13. Since graduating, plaintiff has contested having to pay for her fifth semester, and she has pursued the matter with UW-EC administrators. But these efforts have, so far, been in vain. Plaintiff filed a complaint in this court on December 22, 2014.

ANALYSIS

I understand plaintiff to assert several claims against defendants. Specifically, she alleges that defendants have: (1) defamed her character by making her look incompetent; (2) caused her emotional injury; and (3) forced her to pay additional tuition after promising that she would not have to do so. But there is no basis from which I can exercise subject matter jurisdiction over these claims, and so I must dismiss this case in its entirety.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd.*

3

*of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Diversity jurisdiction is not appropriate in this case. Plaintiff resides in Altoona, Wisconsin, and the complaint does not suggest that she is a citizen of some other state. Defendants are also citizens of Wisconsin. Thus, there is no diversity of citizenship, which is a prerequisite for subject matter jurisdiction under 28 U.S.C. § 1332.

Federal question jurisdiction is also not appropriate in this case. The claims that plaintiff explicitly identifies in her complaint (*i.e.*, negligence, personal injury, defamation, breach of contract) are state law claims; they do not arise under federal law. And although I could infer that plaintiff attempts to state a federal claim against defendants for violating her right to due process under the Fourteenth Amendment, her allegations affirmatively demonstrate that she did not suffer a deprivation of either procedural due process or substantive due process.

Plaintiff seeks redress for defendants' unfair characterization of her performance while she was enrolled at UW-EC, and for their requirement that she pay for an additional semester. But in the context of responding to poor academic performance, even the ultimate sanction of dismissal requires only minimal procedural process. *See Hlavacek v. Boyle*, 665 F.3d 823, 826 (7th Cir. 2011) ("Dismissals for poor academic performance require no hearing at all. . . . It is sufficient that the student was informed of the nature of the faculty's dissatisfaction and the ultimate decision to dismiss was careful and deliberate.") (internal citations and quotation marks omitted). Here, plaintiff suffered less severe consequences than dismissal, and was afforded relatively comprehensive process. Although plaintiff received a failing grade and had to

4

retake a required course, she was not dismissed; she was allowed to continue her coursework and complete her degree. And before deciding on this course of action, the department chair and plaintiff's internship supervisor met with her, in person, to discuss the situation. Moreover, plaintiff had adequate post-deprivation process. She wrote a letter to the UW-EC provost contesting her fifth semester tuition, and she received a written decision from a UW-EC administrator. *See generally* Dkt. 4-1. "The hallmarks of procedural due process are notice and an opportunity to be heard." *Pugel v. Bd. of Trs. of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir. 2004). Plaintiff may disagree with the decisions that UW-EC faculty and administrators made in this case, but she had an opportunity to present her disagreement to defendants. She therefore cannot state a claim under the Fourteenth Amendment for a violation of her right to procedural due process.

Likewise, plaintiff cannot succeed on a substantive due process claim against defendants. "To allege a violation of [her] substantive due process rights, plaintiff must allege conduct that 'shocks the conscience' because it is 'unjustifiable by *any* governmental interest.'" *Gauder v. Leckrone*, 366 F. Supp. 2d 780, 787 (W.D. Wis. 2005) (original emphasis) (quoting *Remer v. Burlington Area Sch. Dist.*, 286 F.3d 1007, 1013 (7th Cir. 2002)). In other words, plaintiff must allege that defendants' actions were so arbitrary as to lack any reasonable justification. *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005). But federal judges do not second-guess the judgment of faculty and administrators on the question of academic competence, and so it is immaterial that plaintiff has alleged a reason to disagree with the decisions that defendants made. *Hlavacek*, 665 F.3d at 826. The issue is whether plaintiff has alleged conduct that shocks the conscience. I conclude that she has not.

In this case, plaintiff registered for a course at UW-EC, completed over half of it, and then failed it. The university permitted her to enroll in another semester, but charged her tuition

5

for the new course. Even accepting as true plaintiff's allegation that her department chair promised that UW-EC would not charge her tuition for the additional semester, the fact that plaintiff nevertheless had to pay for it does not "shock the conscience." *See, e.g.*, *Galdikas v. Fagan*, 342 F.3d 684, 690-91 (7th Cir. 2003) (allegations that school officials induced students to enroll in master's program by knowingly and falsely representing that the program was accredited and took other steps to prevent accreditation were not sufficiently egregious to shock the conscience), *overruled on other grounds by Spiegla v. Hull*, 371 F.3d 928 (7th Cir. 2004). Defendants' actions were perhaps unwise, or even unfair, but they did not so utterly lack justification as to rise to the level of a violation of plaintiff's substantive due process rights. Thus, plaintiff has not alleged a claim that arises under federal law, and subject matter jurisdiction therefore does not exist under 28 U.S.C. § 1331. Without a basis for subject matter jurisdiction, I must dismiss this case in its entirety.[1] This dismissal does not prevent plaintiff from pursuing her state law claims in the state courts; I conclude only that she cannot proceed with these allegations in *this* court.

Finally, I will not seal this case. Plaintiff indicates that she "has performed an internet search for [her] own name," and that this case appears in the list of results. Dkt. 6. But the mere fact that information about plaintiff's lawsuit is accessible to the public is not an adequate reason to seal this case. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also In re Krynicki*, 983 F.2d 74, 75

---

[1] I further note that plaintiff has named a public university and one of its academic departments as the defendants in this case. *See* Dkt. 1. But these defendants enjoy immunity under the Eleventh Amendment, and cannot be sued in federal court without their consent. *See Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987).

(7th Cir. 1992) ("Judicial proceedings in the United States are open to the public."). I will therefore deny plaintiff's motion to seal.


ORDER

IT IS ORDERED that:

1. This case is DISMISSED, without prejudice, for lack of subject matter jurisdiction.

2. Plaintiff Tammy Jarecki's motion to seal the case, Dkt. 6, is DENIED.

3. The clerk of court is directed to close this case.

Entered May 12, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge